(INND Rev. 1/21)                                                                                                          page 1

# UNITED STATES DISTRICT COURT ~FILED~
# NORTHERN DISTRICT OF INDIANA

JAN 1 4 2022

[This form is for non-prisoners to file a civil complaint. *NEATLY* print in ink (or type) your answers.]

GARY T. BELL, Clerk M
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

JONCE MOJSOSKI
_____,

[*You are the* **PLAINTIFF**, *print your full name on this line.*]

v.

DEPARTMENT OF LEADERSHIP STUDIES
_____,

[*The* **DEFENDANT** *is who you are suing. Put* ONE *name on this line. List* ALL *defendants below, including this one.*]

1 : 22 C V 0 1 9

Case Number _____

[*For a new case in this court, leave blank.*
*The court will assign a case number.*]

[*The top of this page is the caption. Everything you file in this case must have the same caption. Once you know your case number, it is* VERY IMPORTANT *that you include it on* everything *you send to the court for this case.* DO NOT *send more than one copy of anything to the court.*]

## CIVIL COMPLAINT

| # | Defendant's Name and Job Title | Address |
|---|---|---|
| 1 | [*Put the defendant named in the caption in this box.*]<br><br>DEPARTMENT OF LEADERSHIP STUDIES, INDIANA WESLEYAN UNIVERSITY, | Indiana Wesleyan University<br>1900 West 50th Street<br>Marion, Indiana 46953-4974 |
| 2 | [*Put the names of any other defendants in these boxes.*]<br><br>JOANNE BARNES-professor,<br>PATRICIA JOHNSON-professor, and | Indiana Wesleyan University<br>1900 West 50th Street<br>Marion, Indiana 46953-4974 |
| 3 | MARK RENNAKER - chair, Department of Leadership Studies, in their individual and official capacities; | Indiana Wesleyan University<br>1900 West 50th Street<br>Marion, Indiana 46953-4974 |

[*If you are suing more defendants, attach an additional page. Number each defendant. Put the name, job title, and address of each defendant* in a separate box *as shown here.*]

1. How many defendants are you suing? ____4____

2. What is your address? 6910 Revere Road, Parma Heights, OH 44130

_____

3. What is your telephone number: (_216_) 356— 2832 _____

4. Have you ever sued anyone for these exact same claims?

        ☑ No.

        ◯ Yes, attached is a copy of the final judgment OR an additional sheet listing the court, case number, file date, judgment date, and result of the previous case(s).

[DO NOT *write in the margins or on the back of any pages. Attach additional pages if necessary.*]

(INND Rev. 1/21)

## CLAIMS and FACTS

DO: Write a short and plain statement telling what each defendant did wrong.

DO: Use simple English words and sentences.

**DO NOT**: Quote from cases or statutes, use legal terms, or make legal arguments.

DO: Explain when, where, why, and how these events happened.

DO: Include every fact necessary to explain your case and describe your injuries or damages.

DO: Number any documents you attach and refer to them by number in your complaint.

**DO NOT**: Include the names of minors, social security numbers, or dates of birth.

DO: Use each defendant's name every time you refer to that defendant.

DO: **Number your paragraphs.** [*The first paragraph has been numbered for you.*]

1. Plaintiff, Jonce Mojsoski, is a white Eastern European male student attending the Department of Leadership Studies at Indiana Wesleyan University.

2. In September 2017, Plaintiff started classes with Defendant BARNES, who is black. In an online course, Defendant BARNES stated that she was in Poland and hated her for being a woman and black. Plaintiff on 11/27/2017 texted a peer about this comment and expressed concern about the statement of Defendant Barnes.

3. On 11/3/2017, Plaintiff wrote an email to Defendant BARNES to secure time for a phone conversation regarding the Portfolio, but Defendant BARNES never responded to this email.

4. On 08/09/2018, Plaintiff sent an email to Defendant BARNES asking for feedback for Portfolio.

5. On 08/13/2018, Defendant BARNES responded that she would look through files and send them as soon as possible. Defendant BARNES never sent the feedback.

6. On 10/05/2018, Plaintiff sent an email to Defendant RENNAKER to help Plaintiff receive the Portfolio's feedback.

7. On 10/05/2018, Defendant RENNAKER responded with an email to Plaintiff with a copy of Defendant's BARNES copy of the Portfolio dated 12/09/17. Plaintiff received 240/250 score. Defendant BARNES commented she did not review it.

8. On 02/01/2019, Amy Car, an administrative assistant at DLS, sent an email from the members of the Comprehensive Examination Committee, Defendant BARNES, and Defendant JOHNSON, who is also black. The Comprehensive Examination Committee issued an

[*DO NOT write in the margins or on the back of any pages. Attach additional pages if necessary.*]

**Claims and Facts**

(continued)

9. On 02/13/2019, Plaintiff sent a request to the Comprehensive Examination Committee Members, Defendant BARNES and Defendant JOHNSON, to give Plaintiff an additional ten days to complete the assignment due to the substantial revisions.

10. On 02/14/2019, Amy Car, the administrative assistant, responded with an email that the Comprehensive Examination Committee granted a one-day extension.

11. On 02/20/2019, Plaintiff submitted the revised Portfolio.

12. On 03/13/2019, the Comprehensive Examination Committee Members gave a grade "PASS" and requested the Comprehensive Examination to take place on March 19, 2019

13. On 03/19/2019, Plaintiff had the first Comprehensive Examination where Defendant BARNES and Defendant JOHNSON asked questions unrelated to the Portfolio. They did not record the Comprehensive Examination.

14. After the first Comprehensive Examination, Plaintiff started using professional medical help to cope with immense stress and anxiety.

15. On 03/19/2019, several hours after the Comprehensive Examination, Defendant JOHNSON sent an email informing Plaintiff that he did not pass the Comprehensive Examination. Defendant JOHNSON provided the date and time for the second Comprehensive Examination and told Plaintiff that he would not be allowed, against the DLS's policy rules, to make notes to organize his thoughts during the question and answer time session.

16. On 03/20/2019, Plaintiff requested accommodation to have the second Comprehensive Examination after 1:00 PM.

17. On 03/20/2019, Defendant BARNES, in an email, denied Plaintiff's request for accommodation to have the second Comprehensive Examination after 1:00 PM.

18. On 03/20/2019, Defendant JOHNSON, in an email, also denied Plaintiff's request for accommodation to have the second Comprehensive Examination after 1:00 PM.

19. On 04/23/2019, Plaintiff had the second Comprehensive Examination where Defendant BARNES and Defendant JOHNSON asked questions unrelated to the Portfolio. The Committee did not record the Comprehensive Examination again.

1

20. On 04/23/2019, Defendant JOHNSON sent an email after the second Comprehensive Examination stating that Plaintiff did not pass the second Comprehensive Examination and provided some examples of how Plaintiff could not explain specific topics. The topics that Defendant JOHNSON mentioned were not part of Plaintiff's Portfolio.

21. On 04/25/2019, Plaintiff spoke with Defendant RENNAKER, who was not helpful and was not providing options for Plaintiff to resolve the issue. When Plaintiff asked Defendant RENNAKER about the appeal process, Defendant RENNAKER discouraged Plaintiff from filing the appeal, stating that nobody ever won the appeal.

22. On 04/25/2019, Defendant JOHNSON sent an email with a screenshot of the exam structure.

23. On 05/31/2019, Plaintiff spoke to the appointed investigator Carson Castleman, deputy Title XI Officer who collected evidence and information and advised that will reflect on it.

24. In June 2019, Plaintiff went to Europe to seek additional professional medical help to cope with immense stress and anxiety. Due to the stress and anxiety from the discrimination and related injustice, Plaintiff fainted while operating a motor vehicle on a highway. Plaintiff almost lost his life in the accident. Serbian police documented the accident.

25. On 08/12/2019, Plaintiff wrote a Summative Report for a Great Appeal Policy for the DOL in Organizational Leadership.

26. On 08/15/2019, Mike Mendenhall, Assistant Director, Academic Affairs, informed Plaintiff that he could take the comprehensive exam a third time and with different Committee members.

27. Plaintiff was warned by the medical professional about the severe consequences of the immense stress and anxiety.

28. On 11/26/2019, Plaintiff fainted while waiting to have the third Comprehensive Examination, was admitted to the hospital, and kept overnight. The following day the hospital instructed Plaintiff to seek further medical assistance.

29. On 01/16/2020, Plaintiff took the third Comprehensive Examination, and while the new Committee Members were responding that the responses were great, the written report stated, "Do Not Pass."

30. While Plaintiff was not taking any classes since December 2019, the DLS continued taking money from Plaintiff's Federal student loan.

31. On 04/10/2020, Plaintiff requested a refund for the first three terms of 2019

2

32. On 04/13/2020, Amy Car, administrative assistant at DLS, informed me that DLS could not provide a refund.

33. On 05/28/2020, Matter Shawn, University Counsel, informed Plaintiff's counsel that DLS would reverse the tuition charge only for the second installment of DOL-920.

34. Plaintiff for the complaint against the above-named Defendants states as follows: This Civil Right lawsuit is pursued on behalf of Jonce Mojsoski, a white Eastern European male who has experienced severe, malicious, and racist treatment at the Department of Leadership Studies. Defendant, Department of Leadership Studies failed to provide a safe and non-discriminatory learning and general environment.

35. As a white Eastern European student, Plaintiff has experienced racist, unfair, and harmful interaction at Defendant, Department of Leadership Studies. Plaintiff suffered psychological and emotional harm, pain, suffering, mental anguish, fear, stress, and life-threatening incurrences.

36. Despite being notified of racial discrimination and related injustice, Defendants have failed to take steps to stop the discrimination and ensure Plaintiff's safe environment.

37. Plaintiff has suffered and continues to suffer emotional trauma due to Defendants' conduct.

Claims and Facts (continued)

UNACCEPTABLE on the first submission of Plaintiff's first submission of the Portfolio that he

was working on for two years. The Comprehensive Examination Committee, Defendant

BARNES, and Defendant JOHNSON requested Plaintiff writes a completely new Portfolio in

about one month.

(see additional attached pages)

## PRIOR LAWSUITS – Have you ever sued anyone for this exact same event?

☑ No.

◯ Yes, attached is a copy of the final judgment <u>OR</u> an additional sheet listing the court,
case number, file date, judgment date, and result of the previous case(s).

## RELIEF – If you win this case, what do you want the court to order the defendant to do?

1. Compensatory damages; 2. Punitive damages of $150,000,000; 3. An award for reasonable

pro se fees and litigation expenses; 4. Other reliefs the court considers appropriate; 5. Prohibit

Defendants from continuing their patterns and conduct directed against others; 6. The failure

to prohibit Defendants from these unlawful practices can cause harm to other similarly

situated.

## FILING FEE – Are you paying the filing fee?

◯ Yes, I am paying the $402.00 filing fee. I understand that I am responsible to notify the
defendant about this case as required by Federal Rule of Civil Procedure 4. [*If you want the
clerk to sign and seal a summons, you need to prepare the summons and submit it to the clerk.*]

◯ No, I am filing a Motion to Proceed In Forma Pauperis and asking the court to notify the
defendant about this case.

[*Initial Each Statement*]

_____ I will keep a copy of this complaint for my records.

_____ I will promptly notify the court of any change of address.

_____ I declare **under penalty of perjury** that the statements in this complaint are true.

_____                          01 / 14 / 22

Signature                                                                        Date

[*DO NOT* write in the margins or on the back of any pages. Attach additional pages if necessary.]