**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| **JONCE MOJSOSKI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CAUSE NO: 1:22-cv-00019-HAB-SLC** |
| | ) | |
| **DEPARTMENT OF LEADERSHIP STUDIES, INDIANA WESLEYAN UNIVERSITY, JOANNE BARNES, PATRICIA JOHNSON, and MARK RENNAKER,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S CIVIL COMPLAINT**

Defendants, Indiana Wesleyan University ("IWU"), Joanne Barnes ("Dr. Barnes"), Patricia Johnson ("Dr. Johnson"), and Mark Rennaker ("Dr. Rennaker") (collectively the "Defendants"), by counsel, for their Answer to Plaintiff's Civil Complaint ("Complaint") state as follows:

**Claims and Facts**

1. Plaintiff, Jonce Mojsoski, is a white Eastern European male student attending the Department of Leadership Studies at Indiana Wesleyan University.

**ANSWER**: Defendants deny that Plaintiff Jonce Mojsoski ("Plaintiff") is currently a student attending the Department of Leadership Studies at Indiana Wesleyan University, but admit that Plaintiff previously was a student attending the Department of Leadership Studies at Indiana Wesleyan University. Defendants admit the remaining allegations of Paragraph 1.

2. In September 2017, Plaintiff started classes with Defendant BARNES, who is black. In an online course, Defendant BARNES stated that she was in Poland and hated her for being a woman and black. Plaintiff on 11/27/2017 texted a peer about this comment and expressed concern about the statement of Defendant Barnes.

**ANSWER**: Defendants admit that in September 2017, Plaintiff took his first class with

Dr. Barnes, who is a Professor of Organizational Leadership with Indiana Wesleyan University and a black woman. Defendants deny that Dr. Barnes made a comment in an online course indicating that she was hated for being a black woman in Poland. Defendants affirmatively allege that Dr. Barnes made a comment in an online course that she was often not respected due to her race and sex during her leadership in Germany and Poland, which comment Dr. Barnes made for the purpose of illustrating biases faced by leaders based on gender and ethnicity. Defendants affirmatively allege that Dr. Barnes also explained that having the global competency of relationship management allowed her to work through the cultural issues that women of color face in leadership roles. Defendants lack knowledge or information sufficient to form a belief as to what and if Plaintiff texted a peer on November 27, 2017, and on that basis deny the allegation. Defendants deny any remaining allegations of Paragraph 2.

3. On 11/3/2017, Plaintiff wrote an email to Defendant BARNES to secure time for a phone conversation regarding the Portfolio, but Defendant BARNES never responded to this email.

**ANSWER**: Defendants admit that on November 3, 2017, Plaintiff sent an email to Dr. Barnes, asking to schedule a phone conversation to discuss his portfolio. Defendants deny the remaining allegations of Paragraph 3, and affirmatively allege that Dr. Barnes scheduled a call with Plaintiff to discuss his portfolio on November 6, 2017.

4. On 08/09/2018, Plaintiff sent an email to Defendant BARNES asking for feedback for Portfolio.

**ANSWER**: Defendants admit the allegations of Paragraph 4, but affirmatively allege that in Plaintiff's August 9, 2018 email, he asked Dr. Barnes to *resend* her feedback on his portfolio because Plaintiff did not save Dr. Barnes' portfolio feedback when she initially sent it to him.

5. On 08/13/2018, Defendant BARNES responded that she would look through files

and send them as soon as possible. Defendant BARNES never sent the feedback.

**ANSWER**: Defendants admit the allegations of Paragraph 5, but affirmatively allege that Dr. Barnes only inadvertently failed to respond to Plaintiff due to her busy academic schedule.

6. On 10/05/2018, Plaintiff sent an email to Defendant RENNAKER to help Plaintiff receive the Portfolio's feedback.

**ANSWER**: Defendants admit the allegations in Paragraph 6.

7. On 10/05/2018, Defendant RENNAKER responded with an email to Plaintiff with a copy of Defendant's BARNES copy of the Portfolio dated 12/09/2017. Plaintiff received 240/250 score. Defendant BARNES commented she did not review it.

**ANSWER**: Defendants admit that on October 5, 2018, Dr. Rennaker sent an email to Plaintiff attaching a copy of Dr. Barnes' portfolio review. Defendants admit that, on December 9, 2017, Dr. Barnes graded Plaintiff's portfolio with a score of 240/250. Defendants deny all remaining allegations of Paragraph 7.

8. On 02/01/2019, Amy Car, an administrative assistant at DLS, sent an email from the members of the Comprehensive Examination Committee, Defendant BARNES, and Defendant JOHNSON, who is also black. The Comprehensive Examination Committee issued an UNACCEPTABLE on the first submission of Plaintiff's first submission of the Portfolio that he was working on for two years. The Comprehensive Examination Committee, Defendant BARNES, and Defendant JOHNSON requested Plaintiff writes a completely new Portfolio in about one month.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to whether Plaintiff worked on the first submission of his portfolio for two years, and on that basis denies the same. Defendants deny that the comprehensive examination committee requested that Plaintiff write a completely new portfolio in about one month, and affirmatively alleges that the comprehensive examination committee instead requested that Plaintiff submit a revised portfolio by February 19, 2019. Defendants admit all remaining allegations of Paragraph 8.

9. On 02/13/2019, Plaintiff sent a request to the Comprehensive Examination

Committee Members, Defendant BARNES and Defendant JOHNSON, to give Plaintiff an additional ten days to complete the assignment due to the substantial revisions.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 9, and on that basis deny the same.

10. On 02/14/2019, Amy Car, the administrative assistant, responded with an email that the Comprehensive Examination Committee granted a one-day extension.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 10, and on that basis deny the same.

11. On 02/20/2019, Plaintiff submitted the revised Portfolio.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 11, and on that basis deny the same.

12. On 03/13/2019, the Comprehensive Examination Committee Members gave a grade "PASS" and requested the Comprehensive Examination to take place on March 19, 2019.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 12, and on that basis deny the same.

13. On 03/19/2019, the Plaintiff had the first Comprehensive Examination where Defendant BARNES and Defendant JOHNSON asked questions unrelated to the Portfolio. They did not record the Comprehensive Examination.

**ANSWER**: Defendants admit that Plaintiff undertook his first attempt at the comprehensive examination on March 19, 2019, which examination was conducted by Dr. Johnson and Dr. Barnes. Defendants admit that during the examination, Dr. Barnes and Dr. Johnson may have asked Plaintiff questions related to topics not directly addressed in his portfolio, yet still related to leadership discipline, and affirmatively allege that Dr. Barnes and Dr. Johnson were permitted to do so. Defendants admit that Plaintiff's first attempt at his comprehensive examination was video recorded, but the recording was lost due to a technical error. Defendants deny any remaining allegations of Paragraph 13.

14. After the first Comprehensive Examination, Plaintiff started using professional medical help to cope with immense stress and anxiety.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and on that basis deny the same.

15. On 03/19/2019, several hours after the Comprehensive Examination, Defendant JOHNSON sent an email informing Plaintiff that he did not pass the Comprehensive Examination. Defendant JOHNSON provided the date and time for the second Comprehensive Examination and told Plaintiff that he would not be allowed, against the DLS's policy rules, to make notes to organize his thoughts during the question and answer time session.

**ANSWER**: Defendants admit that on March 19, 2019, after Plaintiff's first attempt at the comprehensive examination, Dr. Johnson informed Plaintiff via email that he did not pass and provided multiple dates and times on which Plaintiff could undertake a second attempt at the comprehensive examination. Defendants admit that, in this same email, Dr. Johnson informed Plaintiff that during his second attempt at the comprehensive examination, he would not be allowed to make notes for the purpose of organizing his thoughts during the question and answer portion. Defendants deny all remaining allegations of Paragraph 15.

16. On 03/20/2019, Plaintiff requested accommodation to have the second Comprehensive Examination after 1:00 PM.

**ANSWER**: Defendants admit that on March 20, 2019, Plaintiff asked if he could undertake his second attempt at the comprehensive examination after 1:00 PM, and affirmatively allege that he requested to take the exam on April 23, 2019. Defendants affirmatively allege that April 23, 2019 after 1:00 PM was not a time slot that Dr. Johnson and Dr. Barnes had previously identified as an option for Plaintiff's second attempt at the comprehensive examination, and that Plaintiff requested this time slot because he is "not a morning person." Defendants deny all remaining allegations of Paragraph 16.

17. On 03/20/2019, Defendant BARNES, in an email, denied Plaintiff's request for accommodation to have the second Comprehensive Examination after 1:00 PM.

**ANSWER**: Defendants admit that Dr. Barnes informed Plaintiff that there was no availability to for Plaintiff's second attempt at his comprehensive examination on April 23, 2019 after 1:00 PM. Defendants deny all remaining allegations of Paragraph 17.

18. On 03/20/2019, Defendant JOHNSON, in an email, also denied Plaintiff's request for accommodation to have the second Comprehensive Examination after 1:00 PM.

**ANSWER**: Defendants admit that Dr. Johnson informed Plaintiff that she was not available to for Plaintiff's second attempt at his comprehensive examination on April 23, 2019 after 1:00 PM. Defendants deny all remaining allegations of Paragraph 17.

19. On 04/23/2019, Plaintiff had the second Comprehensive Examination where Defendant BARNES and Defendant JOHNSON asked questions unrelated to the Portfolio. The Committee did not record the Comprehensive Examination again.

**ANSWER**: Defendants admit that, during Plaintiff's second attempt at the comprehensive examination on April 23, 2019, Dr. Barnes and Dr. Johnson may have asked questions on topics not directly addressed in the portfolio, yet still related to leadership discipline. Defendants affirmatively allege that Dr. Barnes and Dr. Johnson were permitted to do so. Defendants deny all remaining allegations of Paragraph 19.

20. On 04/23/2019, Defendant JOHNSON sent an email after the second Comprehensive Examination stating that Plaintiff did not pass the second Comprehensive Examination and provided some examples of how Plaintiff could not explain specific topics. The topics that Defendant JOHNSON mentioned were not part of the Plaintiff's Portfolio.

**ANSWER**: Defendants admit that, on April 23, 2019, Dr. Johnson informed Plaintiff via email that Plaintiff's second attempt at the oral presentation was sufficient to pass that portion of the comprehensive examination, but that Plaintiff's second attempt at the question and answer presentation was *not* sufficient to pass that portion of the comprehensive examination. Defendants admit that this email contained examples of how Plaintiff was unable to explain specific topics which may not have been included in his portfolio but denies that Plaintiff was

required only to be able to explain the topics included in his portfolio. Defendants deny any remaining allegations of Paragraph 20.

21. On 04/25/2019, Plaintiff spoke with Defendant RENNAKER, who was not helpful and was not providing options for Plaintiff to resolve the issue. When Plaintiff asked Defendant RENNAKER about the appeal process, Defendant RENNAKER discouraged Plaintiff from filing the appeal, stating that nobody ever won the appeal.

**ANSWER**: Defendants admit that Plaintiff spoke to Dr. Rennaker on April 25, 2019, during which conversation Plaintiff asked Dr. Rennaker about the process to appeal the results of his comprehensive examination. Defendants affirmatively allege that Dr. Rennaker informed Plaintiff of the appeal process and admit that Dr. Rennaker explained to Plaintiff that he was not aware of any student who had successfully appealed. Defendants deny the allegations in Paragraph 21.

22. On 04/25/2019, Defendant JOHNSON sent an email with a screenshot of the exam structure.

**ANSWER**: Defendants deny the allegations in Paragraph 22, and affirmatively allege that on April 27, 2019, Dr. Johnson sent an email to Plaintiff with an outline of the comprehensive examination policy and process.

23. On 05/31/2019, Plaintiff spoke to the appointed investigator Carson Castleman, deputy Title XI Officer who collected evidence and information and advised that will reflect on it.

**ANSWER**: Defendants admit the allegations in Paragraph 23.

24. In June 2019, Plaintiff went to Europe to seek additional professional medical help to cope with immense stress and anxiety. Due to the stress and anxiety from the discrimination and related injustice, Plaintiff fainted while operating a motor vehicle on a highway. Plaintiff almost lost his life in the accident. Serbian police documented the accident.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24, and on that basis deny the same.

25. On 08/12/2019, Plaintiff wrote a Summative Report for a Great Appeal Policy for

the DOL in Organizational Leadership.

**ANSWER**: Defendants admit the allegation in Paragraph 25.

26. On 08/15/2019, Mike Mendenhall, Assistant Director, Academic Affairs, informed Plaintiff that he could take the comprehensive exam a third time and with different Committee members.

**ANSWER**: Defendants admit the allegations in Paragraph 26.

27. Plaintiff was warned by the medical professional about the severe consequences of the immense stress and anxiety.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to whether Plaintiff was warned by a medical professional about the severe consequences of immense stress and anxiety, and on that deny the allegations in Paragraph 27. Defendants affirmatively allege that Plaintiff submitted a doctor's note on August 22, 2019, indicating that Plaintiff was receiving services due to stress and extreme anxiety and required two to three months to prepare for his next attempt at the comprehensive examination. Defendants affirmatively allege that Plaintiff was provided that additional time to prepare for his comprehensive examination.

28. On 11/26/2019, Plaintiff fainted while waiting to have the third Comprehensive Examination, was admitted to the hospital, and kept overnight. The following day the hospital instructed Plaintiff to seek further medical assistance.

**ANSWER**: Defendants admit the allegations in Paragraph 28.

29. On 01/16/2020, Plaintiff took the third Comprehensive Examination, and while the new Committee Members were responding that the responses were great, the written report stated, "Do Not Pass.".

**ANSWER**: Defendants admit that Plaintiff undertook his third attempt at the question and answer portion of the comprehensive examination on January 16, 2020, and that the examination committee, consisting of Tim Beuthin ("Dr. Beuthin") and Almarie Donaldson-Munley ("Dr. Donaldson-Munley") assessed Plaintiff a score of "Do Not Pass." Defendants

deny the remaining allegations in Paragraph 29.

30. While Plaintiff was not taking any classes since December 2019, the DLS continued taking money from Plaintiff's Federal student loan.

**ANSWER**: Defendants deny the allegations of Paragraph 30.

31. On 04/10/2020, Plaintiff requested a refund for the first three terms of 2019.

**ANSWER**: Defendants admit the allegations of Paragraph 31.

32. On 04/13/2020, Amy Car, administrative assistant at DLS, informed me that DLS could not provide a refund.

**ANSWER**: Defendants admit the allegations in Paragraph 32.

33. On 05/28/2020, Matter Shawn, University Counsel, informed Plaintiff's counsel that DLS would reverse the tuition charge only for the second installment of DOL-920.

**ANSWER**: Defendants admit the allegations in Paragraph 33.

34. Plaintiff for the complaint against the above-named Defendants states as follows: This Civil Right lawsuit is pursued on behalf of Jonce Mojsoski, a white Eastern European male who has experienced severe, malicious, and racist treatment at the Department of Leadership Studies. Defendant, Department of Leadership Studies failed to provide a safe and non-discriminatory learning and general environment.

**ANSWER**: Defendants admit that Plaintiff asserts these allegations, but deny subjecting Plaintiff to any racist or unlawful treatment, and deny the remaining allegations in Paragraph 34.

35. As a white Eastern European student, Plaintiff has experienced racist, unfair, and harmful interaction at Defendant, Department of Leadership Studies. Plaintiff suffered psychological and emotional harm, pain, suffering, mental anguish, fear, stress, and life-threatening incurrences.

**ANSWER**: Defendants deny the allegations of Paragraph 35.

36. Despite being notified of racial discrimination and related injustice, Defendants have failed to take steps to stop the discrimination and ensure Plaintiff's safe environment.

**ANSWER**: Defendants deny the allegations of Paragraph 36.

37. Plaintiff has suffered and continues to suffer emotional trauma due to Defendants' conduct.

**ANSWER**: Defendants deny the allegations of Paragraph 37.

## Relief

1. Compensatory damages;

**ANSWER:** Defendants admit that Plaintiff requests such relief as stated. Defendants deny that this request has any merit and denies all remaining allegations of Paragraph 1.

2. Punitive damages of $150,000,000;

**ANSWER:** Defendants admit that Plaintiff requests such relief as stated. Defendants deny that this request has any merit and denies all remaining allegations of Paragraph 2.

3. An award for reasonable pro se fees and litigations expenses;

**ANSWER:** Defendants admit that Plaintiff requests such relief as stated. Defendants deny that this request has any merit and denies all remaining allegations of Paragraph 3.

4. Other reliefs the court considers appropriate;

**ANSWER:** Defendants admit that Plaintiff requests such relief as stated. Defendants deny that this request has any merit and denies all remaining allegations of Paragraph 4.

5. Prohibit Defendants from continuing their patterns and conduct directed against others;

**ANSWER:** Defendants admit that Plaintiff requests such relief as stated. Defendants deny that this request has any merit and denies all remaining allegations of Paragraph 5.

6. The failure to prohibit Defendants from these unlawful practices can cause harm to other similarly situated.

**ANSWER:** Defendants admit that Plaintiff requests such relief as stated. Defendants deny that this request has any merit and denies all remaining allegations of Paragraph 6.

## Affirmative Defenses

1. The Complaint fails to state one or more claims upon which relief can be granted.

2. Some of Plaintiff's claims are barred by the statute of limitations.

3. The Complaint fails to state a claim for punitive damages upon which relief can be granted.

4. The Complaint fails to state a claim against the individual defendants upon which relief can be granted.

5. All actions taken by Defendants with respect to Plaintiff were taken for legitimate, non-discriminatory/non-retaliatory reasons.

6. Defendants acted in good faith with respect to Plaintiff and with reasonable belief that their actions did not violate any law.

7. Because the Complaint is pled in conclusory terms, Defendants cannot fully anticipate all affirmative and additional defenses that may be applicable to this action and, therefore, reserve the right to assert all additional affirmative and other defenses that may become applicable based on information learned during discovery or for other appropriate Defendants.

WHEREFORE, Defendants pray that Plaintiff takes nothing by the Complaint, that the Court enter judgment in favor of Defendants and against the Plaintiff for the cost of defense, including Defendants' attorneys' fees, and all other just and proper relief.

Respectfully Submitted,

QUARLES & BRADY LLP

By: */s/Brenna M. Wildt*
Edward E. Hollis (#19402-49)
135 N. Pennsylvania Street
Suite 2400
Indianapolis, IN 46204
Tel: 317-957-5000
Fax: 317-957-5010
Edward.Hollis@quarles.com
Brenna M. Wildt
Quarles & Brady LLP

411 East Wisconsin Avenue
Suite 2400
Milwaukee, WI 53202-4428
Tel: 414-277-5328
Fax: 414 978-8892
Brenna.Wildt@quarles.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 4, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by placing a copy in the U.S. Mail. Parties may access this filing through the Court's system.

Jonce Mojsoski
6910 Revere Road
Parma Heights, OH 44130

*/s/Brenna M. Wildt*
Brenna M. Wildt

QB\175016.00010\73284168.3