IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

-FILED-

MAY 16 2022

At _____ M
GARY T. BELL, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| JONCE MOJSOSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO: 1:22-cv-00019 |
| | ) | |
| DEPARTMENT OF LEADERSHIP | ) | MEMORANDUM IN SUPPORT OF |
| STUDIES, INDIANA WESLEYAN | ) | OPPOSITION TO MOTION FOR |
| UNIVERSITY, JOANNE BARNES, | ) | JUFGMENTS OF PLEADINGS |
| PATRICIA JOHNSON, and MARK | ) | |
| RENNAKER, | ) | |
| | ) | |
| Defendants. | | |

## MEMORANDUM IN SUPPORT OF OPPOSITION TO MOTION FOR JUDGMENTS OF PLEADINGS

Plaintiff Jonce Mojsoski, pro se, filed this response in opposition to defendants Joanne Barnes, Patricia Johnson, Mark Rennaker, and Department of Leadership Studies, Indiana Wesleyan University's motion for judgments of pleadings and to dismiss Plain tiff's complaint in its entirety with prejudice. As explained in Plaintiff's complaint, the defendants discriminated against Plaintiff. Therefore, Plaintiff's Complaint states proper claims for discrimination. Accordingly, the defendants' motion for judgments on the pleadings and to dismiss Plaintiff's complaint should be denied, with leave for Plaintiff to strike the prayer for punitive damages.

**I. FACTUAL BACKGROUND**

Plaintiff, Jonce Mojsoski, has a high GPA on his master's degree and Doctoral program. In 2017 Plaintiff had his first class with Joanne Barnes. From the onset, Plaintiff started having issues with defendant Joanne Barnes. During Plaintiff's course work, culminating in the comp exam, he had to deal with defendant Joanne Barnes' discriminatory selective negative attitude and behavior toward him. Defendant Joanne Barnes' feedbacks in the forums were very negative, even though Plaintiff tried to use three authors per paragraph versus where other students used one author per paragraph. Defendant Joanne Barnes constantly criticized Plaintiff's work for not being comprehensive and critical. His grades were lower than the other students' grades (Plaintiff discussed grades with other students regularly). This practice was the opposite of what Plaintiff experienced with other professors (defendant Patricia Johnson was not Plaintiff's instructor during his doctoral studies).

Plaintiff's real challenge started with the Leadership Philosophy Paper (LPP) and the Portfolio. Plaintiff had asked Joanne Barnes for feedback, but Plaintiff was not getting quality feedback. One day when Plaintiff was attending an online class, Joanne Barnes brought up her experience in Poland. Defendant Joanne Barnes noted that she felt humiliated during her time in Poland and stated that she encountered prejudice as an African American and a woman. Because of her understanding of the situation, she generalized how the Polish discriminate against African Americans and women.

1

On 11/12/17, in the text exchange with a peer, Plaintiff has documented that on the synchronous session that month on 11/04/17, defendant Joanne Barnes stated that she was in Poland and that the people in that country hated her for being a woman and African American. In the text, Plaintiff told his peer (a white American student) that he was in trouble and felt that defendant Joanne Barnes hated him. The peer that the Plaintiff texted responded that he had concern for his grade too because he thought he was discriminated from defendant Joanne Barnes for being a white American. This same peer told the Plaintiff that he made a complaint against defendant Joanne Barnes at the Department of Leadership Studies. Another individual who was an employee and a student at the Department of Leadership Studies at Indiana Wesleyan University has experienced similar problems with defendant Joanne Barnes. All correspondence was done via Google number, Facebook messenger, and other social media.

From that day, Plaintiff had a gut feeling that her treatment was not because of him but because of her perceptions about Eastern Europeans, and he is one of them. With that in mind, Plaintiff continued to work hard and called defendant Joanne Barnes twice about the Portfolio. She was ignoring the calls. Next, Plaintiff sent an email to set up a phone conversation about the Portfolio. On the second call on 11/17/17 at 9;00 AM, in a discussion that lasted a bit over 30 minutes, defendant Joanne Barnes told Plaintiff that it could be beneficial to revise the LPP, but she said to him that it was not necessary. Defendant Joanne Barnes told Plaintiff that she would send a paragraph as a sample if Plaintiff decides to make corrections, but Joanne Barnes never did.

On 12/01/17, Plaintiff drove from Parma Heights, Ohio, to the Leadership Studies Department in Marion, Indiana. He dropped off the paper copy of the Portfolio, but he never received feedback on it. In the Summer Institute 2018, Plaintiff advised defendant Joanne Barnes that he never received the feedback on the Portfolio. Then, defendant Joanne Barnes requested an email from Plaintiff to remind her to send the feedback to Plaintiff. On 8/9/18 at 4:52 PM, Plaintiff sent an email to defendant Joanne Barnes to provide feedback on the Portfolio submitted on 12/01/17. Defendant Joanne Barnes responded that she was completing graduation and she would look through her files and send it as soon as possible, but she never did. On 10/05/18, Plaintiff informed the defendant Mark Rennaker (Director of the Department of Leadership Studies), that he never received the feedback on the Portfolio. A few hours later, defendant Mark Rennaker sent an email with a copy of the Portfolio where defendant Joanne Barnes wrote that she did not review the Portfolio. It took almost a year for Plaintiff to get the feedback and find out that defendant Joanne Barnes never reviewed the Portfolio, and she did not provide any valuable feedback.

Plaintiff continued to work on the final version of the LPP and Portfolio. Plaintiff added more items to the LPP and Portfolio as instructed in the Comprehensive Examination Manual. On 01/15/19, Plaintiff submitted his final version of the LPP and Portfolio.
On 02/01/19, Plaintiff received an email from Amy Carr (Administrative Assistant at the Department of Leadership Studies) that the comprehensive examination committee (defendants Joanne Barnes and Patricia Johnson) had issued an **unacceptable** on his first submission of the Portfolio. The committee (defendants Joanne Barnes and Patricia Johnson) requested that Plaintiff change the table of content, introduction, personal statement of learning and growth statement, curriculum vitae, and LPP. In short, Plaintiff had to revise the entire Portfolio. Plaintiff was asked to make changes by 02/19/19. Plaintiff was forced to write a Leadership Philosophy Paper (LPP) and the Portfolio from 02/01/19 to 02/19/19. Plaintiff was forced to rewrite a two-year project in 17 days.

On 2/5/19, Plaintiff spoke to defendant Mark Rennaker and convinced him to explain how to prepare LPP and the Portfolio. The work was overwhelming and arduous, especially with English as a second language. Plaintiff realized that he would need more time and sent an email to the committee to ask for an extension of ten days. Unrealistically, the committee gave Plaintiff only one day. Plaintiff restructured the table of content, introduction, personal statement of learning and growth statement, curriculum vitae, and LPP. Plaintiff researched, studied, and explained 17 new theories and backed up the theories with ideas from an additional three theorists in each theory. Plaintiff researched, cited, and referenced about 68 articles and/or books to complete the Portfolio. Additionally, Plaintiff applied the theory to practice per domain. Plaintiff worked around the clock to comply and submitted the Portfolio on 2/20/19.

Next, the committee (defendants Joanne Barnes and Patricia Johnson) informed the Plaintiff that he passed the Portfolio only six days before the scheduled comp exam. On 03/18/19, 48 hours before the comp exam, the committee (defendants Joanne Barnes and Patricia Johnson) requested Plaintiff to submit a PPT presentation, which Plaintiff did.

On 3/17/19, Amy Carr (administrative assistant) sent an email to Plaintiff stating that he had 49 PPT slides and that he would have 30 minutes to cover the presentation, that 80 percent of questioning would pertain to the Portfolio, and that there might be 20 percent questioning outside Portfolio. On 3/9/19 at 1:00 PM, Plaintiff joined Zoom. Plaintiff started with the PPT and finished in 29 minutes, then the committee (defendants Joanne Barnes and Patricia Johnson) started with Q and A. When the questioning began, Plaintiff realized that the questions did not relate to what he wrote in the Portfolio.

In the first comp exam, defendant Patricia Johnson was more reasonable with the questions, but that was not the case with defendant Joanne Barnes. Defendant Joanne Barnes' questions were unrealistic, and it was clear to Plaintiff that she was trying to fail him. Defendant Patricia Johnson sent an email to Plaintiff the same day after the comp exam. Defendant Patricia Johnson informed him that he did not pass the PPT and the oral portion of the exam. The explanation was that he had too many slides, besides Amy's email where she wrote that Plaintiff should practice finishing with all slides in 30 minutes). Although defendant Patricia Johnson in her feedback, wrote, "the student demonstrated a positive response to criticism, cooperative behavior, and openness to change." The defendants, Joanne Barnes and Patricia Johnson never provided Plaintiff with any constructive criticism during the exam.

Plaintiff was very aware of the importance of this oral exam as he had worked very hard to get to that point, and he was ready to write the dissertation. Plaintiff was facing the last attempt for his oral exam, and therefore he requested to speak to Mark Rennaker to prepare better. Marc Rennaker was unwilling to talk, and Plaintiff had to beg for more information. Also, Plaintiff wanted to excel in his ability to answer the questions, especially knowing that he had to deal with Joanne Barnes. Therefore, Plaintiff requested from committee members (Joanne Barnes and Patricia Johnson) via email to allow him to have his comprehensive exam after 1:00 PM. Defendant Joanne Barnes answered first, stating that there is no availability after 1:00 PM. A few minutes later, defendant Patricia Johnson sent an email saying that she and defendant Joanne Barnes were only available on the days and time provided by them; therefore, Plaintiff was forced to agree to take the exam at 10:00 AM. Defendants Joanne Barnes and Patricia Johnson did not show understanding and provided no flexibility in scheduling the exam. Their goal was for Plaintiff to fail.

On 4/23/19, at 10:00 AM. Plaintiff joined Zoom to participate in his second oral exam. The instructors were not able to find the email with the PPT. Then they had difficulties sending

3

the email with the PPT to each other. They asked Plaintiff to sign out and sign back in Zoom, which he did, and suggested he not upload the PPT because they did not know to navigate the system and asked Plaintiff to simulate from his screen. After he presented his PPT, defendants Joanne Barnes and Patricia Johnson told Plaintiff was not allowed to take notes before he answered the question. This remark was consistent with the feedback Plaintiff received from defendant Patricia Johnson after the first oral exam: "During the second examination attempt the student will not be allowed to make notes to organize his thoughts during the questions and answer time session."

The exam went wrong; Plaintiff received unrealistic questions not related to the Portfolio content.

The second exam was much worse than the first oral exam. Plaintiff was convinced that defendant Patricia Johnson is an ethical Christian educator. He hoped that she would resolve the unethical and dangerous discriminatory behavior defendant Joanne Barnes demonstrated on the first oral exam. Plaintiff's hope that defendant Patricia Johnson would facilitate fair and ethical nondiscriminatory examination on the second attempt did not take place. Defendant Patricia Johnson supported defendant Joanne Barnes. On the second oral exam, defendant Patricia Jonson's questions resembled defendant Joanne Barnes' questions from the first and second oral exams.

Later the same day, 4/23/19, Plaintiff received feedback from defendant Patricia Johnson stating that he did not pass the exam. Defendant Patricia Johnson lists a few questions they asked Plaintiff during the oral exam. One of defendant Joanne Barnes's questions was Mezirow's disorienting dilemma. When it comes to Mezirow, Plaintiff referenced the article he used to explain the theory in the LPP for the Domain of Organizational Development. In the particular scholarly article used by Plaintiff, the disorienting dilemma is not mentioned. The source Plaintiff used was cited and referenced in his Portfolio. However, if one searches on Google, Mezirow's theory will appear in non-scholarly articles discussing the disorienting dilemma. Plaintiff is convinced that during the exam, defendant Joanne Barnes instead of going to get help from the cited and referenced article, googled Mezirow's theory for transformative learning and referred to one of the websites to formulate her questions. Students and researchers do not use these sources when writing academic papers. Other questions that defendant Joanne Barnes and Patricia Johnson posed to Plaintiff were similar and not directly or not related to the theories and theorists Plaintiff wrote. Plaintiff viewed their questioning as to their method of setting him up for failure to fulfill their revenge, to discriminate for discrimination defendant Barnes thought she has experienced in Poland.

After Plaintiff received the feedback that he did not pass the exam, he requested to speak with defendant Mark Rennaker. On the call on 4/25/19, the defendant, Mark Rennaker, was not willing to provide any further information. Plaintiff requested information on Academic Policy Grievance. The defendant Marc Rennaker was discouraging Plaintiff from going the route of Academic Policy Grievance, saying that no one had ever won an appeal yet. Later the same day, defendant mark Rennaker sent the information for Academic Policy Grievance.

On 4/26/19, Plaintiff sent an email to defendant Patricia Johnson. In the email, Plaintiff asked Defendant Patricia Johnson to provide a full explanation of the policy and how the committee followed the policy. Defendant Patricia Johnson responded with an email on 4/27/19. Defendant Patricia Johnson explained how the committee followed the policy and provided a screenshot from the Dissertation Manual. The screenshot shows that the student will be allowed to write notes about the questions asked. Even though the screenshot indicates that the student

4

can take notes, Plaintiff was discriminated against as Plaintiff was told that he could not prepare before answering the question. In the conversation with peers, they told Plaintiff that they took notes on the second exam. How is it possible that native English speakers could take notes, but Plaintiff could not as a non-native English speaker?

On 05/13/2019, Plaintiff sent an email to the Online Regional Dean's Office with a request to hear a grievance against defendants Joanne Barnes and Patricia Johnson. The office assigned Dr. Carson D. Castleman to review the grievance. Dr. Castleman informed Plaintiff in a conversation on 05/31/19 that it will take significant time to interview, research, and reflect on the information Plaintiff provided and advised that Plaintiff will hear from Dr. Castleman at the end of June or the first of July with the next steps. In the review, seven other individuals complained against defendant Joanne Barnes. Plaintiff, two of his peers, and seven other individuals from Dr. Castleman's research on the appeal have reported issues with defendant Joanne Barnes. A total of ten people that Plaintiff knows about. How many are more people out there? Who is protecting her and why?

Plaintiff started seeking medical assistance to cope with the stress that came from being discriminated against. Plaintiff began to deal with unbearable anxiety, depression, high blood pressure, and other health problems. Plaintiff decided to see his doctor in Europe too. In Europe, due to the immense stress, Plaintiff had a bad car accident where he almost lost his life. The accident is recorded in the police report in Serbia, Europe.

On 8/16/19, Plaintiff received an email from Jessica Fox (Administrative Assistant to the VPAA at the College of Adult & Professional Studies at IWU-National & Global) with a letter signed by Mike Mendenhall (Assistant Director, Academic Affairs, College of Adult & Professional Studies IWU -National & Global) allowing Plaintiff to take the Comprehensive Exam a third time.

On 8/19/2019, Plaintiff received an email from defendant Marc Rennaker requesting Plaintiff to take the exam on August 28, 28, or 30. On 8/22/19, Plaintiff sent an email with a letter attached from his medical doctor to defendant Mark Rennaker. Plaintiff's doctor advised that Plaintiff is experiencing stress and extreme anxiety, and due to his symptoms, it was necessary for Plaintiff to take the exam in 2 – 3 months. On 08/29/19, Plaintiff received an email from Sandra Cash suggesting Plaintiff submit a petition for a leave of absence. On 9/6/19, Plaintiff received the email from Amy Car (administrative assistant) that the new date of the third comp exam was 11/26/19 at 1:00 PM.

On 11/26/19, Plaintiff was preparing for the comp exam, and his mother found him passed out on the floor around 2:30 PM. Plaintiff was admitted to Metro Health at Brecksville, Ohio, around 3:00 PM and, in a few hours, was transported to ICU at Metro Main Campus Medical Center in Cleveland, Ohio. Plaintiff refused to stay longer in the hospital and was kept until later afternoon the following day and instructed to make an appointment with a doctor from IP Cardiology Electrophysiology. On 11/27/19, Plaintiff wrote to defendant Mark Rennaker to reschedule the exam date. On 12/10/2019, defendant Mark Rennaker wrote an email advising the committee could be available on 01/16/2020. On 01/16/2020. Plaintiff took the third comp exam, and while the new Committee members were responding that the responses were great, the written report stated, "Do Not Pass."

Are the Portfolio and the exam practices related to defendant Joanne Barnes' experience in Poland? They are apparent to everybody, and Plaintiff is very positive that they are. Throughout the course, defendants Joanne Barnes engaged in practices that indicated unequal, discriminatory treatment and retaliation due to her experience in Eastern Europe, particularly in

5

Poland. In conclusion, defendants Joanne Barnes, Patricia Johnson, and Mark Rennaker participated in the discriminatory, unfair application of rules.

Plaintiff has emails, texts, and other evidence that he can share. Plaintiff is concerned that future discrimination will occur against other Eastern European students. Plaintiff is expecting the school to take the necessary measures to strengthen and enforce the ethical conduct of the school's instructors to provide equal treatment in the Christian spirit.

## II. ARGUMENT

In the complaint, Plaintiff raised two cognizable legal claims. First, Plaintiff contends that defendant Joanne Barnes discriminated against Plaintiff as a retaliation for her experience in Poland. Second, through its director Mark Rennaker, the Department of Leadership Studies failed to take necessary steps to eliminate discrimination in the educational institution.

The defendants' counsels stated that Plaintiff was unable to successfully fulfill all requirements of the Ph.D. program on three separate occasions between March 2019 and January 2020. The defendants' counsels did not mention a recording of the third occasion to serve as evidence of the discrimination. The factual background of this memorandum provides more than sufficient facts that indicate that a violation of law had occurred, and that Plaintiff is entitled to a legal remedy. The adverse actions in the Complaint are not time-barred by the applicable two-year statute of limitation. The discrimination caused more than emotional distress damages; therefore, the court should not dismiss Plaintiff's claim; accordingly, the defendants' motion for judgments on the pleadings and to dismiss Plaintiff's Complaint should be denied, with leave for Plaintiff to strike the prayer for punitive damages.

In September 2017, Plaintiff attended the course taught by defendant Joanne Barnes, a black professor at IWU who mentioned Poland and eastern Europe but not Germany. Plaintiff took note of this comment and expressed his concern regarding the peer. He was not the only one concerned about that because other students reported defendant Joanne Barnes for discrimination on a racial base.

For more than one year, Plaintiff worked on a Portfolio, and for more than one-year, Plaintiff did not receive feedback on the Portfolio. Plaintiff did not select the committee members; committee members selected Plaintiff. How is it possible for someone who never gave you feedback to select you to be your committee member and to care for your success? The factual background gives a better picture than the explanation on page 3 from the defendants' brief in supporting their motion for judgment on the pleadings.

On March 19, 2019, Plaintiff failed his first attempt; on April 23, 2019, Plaintiff was not permitted his second attempt. Plaintiff had his second attempt provided by the schools as a second chance for any other student. Defendant Patricia Johnson provided feedback that Plaintiff will not be allowed to write notes about the questions being asked. This discriminatory feedback Plaintiff received as an email. Defendant Mark Rennaker was a director of Leadership Studies, and his responsibility is even higher because he was informed of the issues and did not prevent the incident.

On January 16, 2019, Plaintiff failed the third and final time evaluated by Tim Beuthin and Almary Donaldson-Munley, after being complimented on the exam for the responses. One should consider that defendant Mark Rennaker could influence Tim Beuthin and Almary Donaldson-Munley. As director of the leadership studies, he decided to fail the Plaintiff on the third comp exam to protect himself and defendants Joanne Barnes and Patricia Johnson from the

6

ongoing complaint in the appeal. Moreover, there was no vital feedback on why Tim Beuthin and Almary Donaldson-Munley failed Plaintiff.

Plaintiff admits in the complaint that defendant Joanne Barnes was no longer on his comprehensive examination committee on the last attempt. Still, Plaintiff filed a complaint against defendant Joanne Barnes, Patricia Johnson, Mark Rennaker, and the Department of Leadership Studies. He was a student at IWU till January 16, 2020. Therefore, there is no issue with the two-year statute of limitation. Plaintiff has a recording of the third comp exam and does not agree with the decision of the new committee. He is firmly convinced that defendant Mark Rennaker influenced the committee's decision.

**Conclusion:**

For all of the reasons mentioned above, Plaintiff's complaint states proper claims for discrimination. Accordingly, the defendants' motion for judgments on the pleadings and to dismiss Plaintiff's complaint should be denied, with leave for Plaintiff to strike the prayer for punitive damages.

Respectfully submitted,

Jon Mojsoski
6910 Revere Road,
Parma Heights, OH 44130
216-356-2832
jmoyso@yahoo.com

*Pro se*

## CERTIFICATE OF SERVICE

     On May 13, 2022, I, at this moment, certify that I mailed a copy of the previous Plaintiff's Memorandum in Support of Opposition to Motion for Judgements of pleadings via U.S. Mail to The United States District Court Northern District of Indiana Fort Wayne Division. Notice of this filing also will be sent to the following attorneys for defendants by placing a copy in the U.S. Mail. Parties may access this filing through the Court's system.

Edward E. Hollis  
135 N. Pennsylvania Street  
Suite 2400  
Indianapolis, IN 46204

                                                  Jon Mojsoski