IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JONCE MOJSOSKI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO: 1:22-cv-00019-HAB-SLC |
| | ) |
| DEPARTMENT OF LEADERSHIP STUDIES, INDIANA WESLEYAN UNIVERSITY, JOANNE BARNES, PATRICIA JOHNSON, and MARK RENNAKER, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR
MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendants, Indiana Wesleyan University ("IWU"), Joanne Barnes ("Dr. Barnes"), Patricia Johnson ("Dr. Johnson"), and Mark Rennaker ("Dr. Rennaker") (collectively the "Defendants") submit this reply brief in support of their Motion for Judgment on the Pleadings, pursuant to Fed. R. Civ. P. 12(c).

**I.    INTRODUCTION**

Plaintiff Jonce Mojsoski ("Mojsoski"), in his Opposition to Motion for Judgments of Pleadings ("Response"), asserts many additional facts—nearly five pages worth—yet fails to adequately address the arguments that the Defendants advance in their Motion for Judgment on the Pleadings ("Motion"). More specifically, in his Response, Mojsoski fails to undermine Defendants' argument that nearly all of his claims are time-barred, fails to respond to Defendants' argument that his one timely claim is not sufficiently pled, and altogether ignores Defendants' argument that his claims against the individually named defendants fail as a matter of law. In fact, the only argument that Mojsoski properly confronts is Defendants' claim that

QB\74006956.1

Mojsoski's request for punitive damages fails as a matter of law, which Mojsoski apparently concedes by asking the Court to strike the punitive damages claim from his Complaint. At a high level, Mojsoski's Response reads more like an explanation of why he "does not agree with the decision" of the Defendants to no longer allow him to pursue his Ph.D. in Organizational Leadership, rather than an opposition to the Defendants' Motion. (Dkt. 23 at p. 7). For all these reasons, the Defendants respectfully renew their request that Mojsoski's claims be dismissed in their entirety and with prejudice.

## II.     ARGUMENT

### A.     Mojsoski Fails To Disprove That Almost All Of The Alleged Adverse Actions Are Time-Barred

In his Response, Mojsoski makes the conclusory declaration that the "adverse actions in the Complaint are not time-barred by the applicable two-year statute of limitation[s]." (Dkt. 23 at p. 6). In so doing, Mojsoski concedes that the statute of limitations applicable to his claim under Title VI of the Civil Rights Act of 1964 ("Title VI") is two years. Mojsoski makes the same concession elsewhere in his Response where he asserts that "there is no issue with the two-year statute of limitation[s]" because he "was a student at IWU [until] January 16, 2020." (Dkt. 23 at p. 7). Accordingly—it is clear that Mojsoski only disputes *when* the applicable statute of limitations began to accrue, not the duration of the prescriptive period.

As captured in the Defendant's Motion, it is well-established that the statute of limitations begins to accrue on the date the plaintiff discovers his injury. *See e.g., Rogers v. Allen Superior Ct.*, No. 1:16-CV-40-TLS, 2017 WL 879635, at *3 (N.D. Ind. Mar. 6, 2017) (quoting *Wilson v. Geisen*, 956 F.2d 738, 740 (7th Cir. 1992)) ("Generally, a claim accrues when the plaintiff knows or has reason to know of the injury giving rise to the cause of action."). Contrary to Mojsoski's unsupported assertion which, properly distilled, seems to assert that all of his

2

claims are timely because Mojsoski filed his Complaint within two years of his enrollment at IWU, the most recent date of affiliation between the parties has no bearing on the statute of limitations. *See e.g., Barrett v. Illinois Dep't of Corr.*, 958 F. Supp. 2d 984, 992 (C.D. Ill. 2013), *aff'd*, 803 F.3d 893 (7th Cir. 2015) (citing *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977)) ("The mere fact that there was continuity of employment is not important" with respect to the statute of limitations). The relevant temporal marker is when the plaintiff discovers he has been injured, at which point his action accrues. *See Cunliffe v. Wright*, 51 F. Supp. 3d 721, 731 (N.D. Ill. 2014) (citing *Thelen v. Marc's Big Boy Corp.*, 64 F.3d 264, 267 (7th Cir. 1995)).

Because Mojsoski discovered each claimed adverse action on the date it occurred, the respective two-year statutes of limitations are as follows: Mojsoski's claim related to the resubmission of his portfolio on February 20, 2019 expired on February 20, 2021; Mojsoski's claim related to his first failed exam attempt on March 19, 2019 expired on March 19, 2021; and, Mojsoski's claim related to his second failed exam attempt on April 23, 2019 expired on April 23, 2021. Obviously, these are dates *well before* (eight to ten months before) Mojsoski filed his Complaint on January 14, 2022. Therefore, the only item not barred by the pertinent statute of limitations is Mojsoski's claim related to his third and final attempt at the comprehensive examination on January 16, 2020.

Mojsoski cannot circumvent the two-year statute of limitations simply by creating an arbitrary date for its accrual. To allow him to do so would be inconsistent with the general purpose of statutes of limitations, "to protect defendants against stale or unduly delayed claims." *Credit Suisse Sec. (USA) LLC v. Simmonds*, 566 U.S. 221, 227, 132 S. Ct. 1414, 1420, 182 L. Ed. 2d 446 (2012) (quoting *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133, 128

S.Ct. 750, 169 L.Ed.2d 591 (2008)); *see also Lozano v. Montoya Alvarez*, 572 U.S. 1, 134 S. Ct. 1224, 1227, 188 L. Ed. 2d 200 (2014) ("Statutes of limitations embody a 'policy of repose, designed to protect defendants,' *Burnett v. New York Central R. Co.,* 380 U.S. 424, 428, 85 S.Ct. 1050, 13 L.Ed.2d 941, and foster the 'elimination of stale claims, and certainty about a plaintiff's opportunity for recovery and a defendant's potential liabilities,' *Rotella v. Wood,* 528 U.S. 549, 555, 120 S.Ct. 1075, 145 L.Ed.2d 1047."). For all of these reasons, Mojsoski's wholly unsupported attempt to prove that he brought his claims in accordance with the relevant statute of limitations fails to undermine the Defendants' well-supported assertion that 3/4 of his claims are indeed time-barred.

### B.  Mojsoski Alleges Dozens Of Additional Facts, Almost All Of Them Relating To His Time-Barred Claims And None Of Them Saving His Timely Claim

In his Response, Mojsoski includes nearly five pages of additional facts expanding upon the allegations in his Complaint. *See CFIT Holding Corp. v. Twin City Fire Ins. Co.*, 548 F. Supp. 3d 701, 704 (N.D. Ill. 2021) (quoting *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1020 (7th Cir.2013) (In ruling on a motion for judgment on the pleadings, the court must consider additional facts set forth in the plaintiff's opposition papers, so long as those additional facts "are consistent with the pleadings."). However, *nearly all* of these additional facts relate to Mojsoski's time-barred allegations (i.e., the resubmission of his portfolio and first two failed exam attempts). The few additional factual assertions relating to Mojsoski's one timely claim (i.e., his third failed exam attempt) do nothing to bolster it. To the contrary, these additional facts actually undermine Mojsoski's one and only timely cause of action.

To establish a *prima facie* case of intentional discrimination under Title VI, Mojsoski "must demonstrate that [his] race, color, or national origin was the motive for the discriminatory conduct." *C.S. v. Couch*, 843 F. Supp. 2d 894, 915 (N.D. Ind. 2011) (quoting *Thompson v. Bd. of*

4

*the Special Sch. Dist. No. 1*, 144 F.3d 574, 581 (8th Cir. 1998)). Mojsoski failed to allege facts evincing discriminatory causation, most notably with respect to his third attempt at the comprehensive examination. More specifically, Mojsoski did not plead any facts suggesting that any member of the third comprehensive examination committee harbored any sort of discriminatory motive. Instead, in his Complaint Mojsoski makes generalized assertions of discrimination—for example, "as a white Eastern European student, Plaintiff has experienced racist, unfair, and harmful interaction at Defendant"—without pleading facts to establish the critical link between adverse action and discriminatory motive. (Dkt. 16 at ¶¶ 34, 35). Because of this, the Defendants contend that Mojsoski's Title VI claim is insufficient to survive a motion for judgment on the pleadings. *See Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 776 (7th Cir. 2022) (affirming dismissal of a race, national origin and age discrimination complaint filed by a white, Polish-American *pro se* plaintiff, in part because she failed to include in her Complaint factual allegations that directly or indirectly connected her discharge with her age, race, or national origin).

In his Response, Mojsoski falls far short of remedying the critical pleading deficiency identified in the Defendants' Motion. Rather than make any meaningful attempt to establish a connection between the Defendants' discriminatory motive and his failing score on the third exam, Mojsoski opts to complain that he did not have an opportunity to select the committee for his final comprehensive exam, and question how it is possible for "someone who never gave [him] feedback to select [him] to be [his] committee member and to care for [his] success." (Dkt. 23 at p. 6). Mojsoski also states that he does not agree with the decision of the new committee, and complains that there was no "vital feedback on why Tim Beuthin and Almary Donadlson-Munely failed Plaintiff." (Dkt. 23 at pp. 6-7). Finally, Mojsoski expresses that he "is firmly

5

convinced that defendant Mark Rennaker influenced the committee's decision" (Dkt. 23 at p. 7) with respect to his exam, and that "he decided to fail the Plaintiff on the third comp exam to protect himself and defendants Joanne Barnes and Patricia Johnson from the ongoing complaint in the appeal." (Dkt. 23 at p. 6).

Obviously, none of these additional allegations speaks to race- or national origin-based discriminatory animus on behalf of the Defendants. To the contrary, they reveal Mojsoski's genuine belief that he failed the third exam attempt because he was not permitted to select the committee members, the selected committee members did not know him well enough, and Dr. Rennaker used his authority to protect the Defendants. These non-discriminatory reasons are wholly unrelated to Mojsoski's race or national origin. Therefore, Mojsoski has completely undermined his own Title VI discriminatory intent claim, and it must be dismissed. *See Wright v. Porters Restoration, Inc.,* No. 2:09-CV-163-PRC, 2010 WL 2559877, at *4 (N.D. Ind. June 23, 2010) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008) (dismissing in part a complaint where the plaintiff "plead [himself] out of court" by pleading facts alleging a motivation for the adverse actions based on something other than the cited basis for discrimination).

C. **Mojsoski Altogether Fails To Respond To Defendants' Argument That Title VI Claims Against Individuals Fail As Matter of Law**

Nowhere in his Response does Mojsoski *even acknowledge* the Defendants' argument that Mojsoski cannot bring a claim against Dr. Barnes, Dr. Johnson or Dr. Rennaker because Title VI does not subject officials to suit in their individual capacities. It is well-established that the implied right of private action under Title VI for intentional discrimination is actionable only against a "recipient of federal grant money," and therefore not against any individual. *Couch*, 843 F. Supp. 2d at 905; *see also Rogers v. Off. of the Att'y Gen.*, No. 1:16-CV-429-TLS, 2017

WL 2864950, at *3 (N.D. Ind. July 5, 2017) ("The allegations in the Complaint do not show that the individual Defendants are recipients of Title VI funds, and the Plaintiff did not offer any argument to the contrary in his Response. … Under Seventh Circuit precedent, the individually named Defendants are not subject to suit under § 2000d."). Because Mojsoski altogether ignores this argument, failing to raise any argument to the contrary in his Response, the Court must rule on this issue without the benefit of Mojsoski's insights. *See Bires v. WalTom, LLC*, 662 F. Supp. 2d 1019, 1033 (N.D. Ill. 2009) ("Interestingly, WalTom fails to address this argument entirely in its response to the motion for judgment on the pleadings or its briefing in support of its own motion for summary judgment. Accordingly, the court will rule without the benefit of WalTom's views on this issue."); *see also Admiral Ins. Co. v. Anderson*, 529 F. Supp. 3d 804, 816 (N.D. Ill. 2021) ("Admiral does not respond to these arguments, entitling Valdez and Liberty Mutual to judgment on the pleadings that these exclusions do not excuse Admiral from its duty to defend."). The Defendants' argument—with or without insight from Mojsoski—is well-supported and solid. Mojsoski fails to state a claim against Dr. Barnes, Dr. Johnson, and Dr. Rennaker, upon which relief can be granted.

      **D.    Mojsoski Apparently Concedes That Punitive Damages Are Not Recoverable Under Title VI, But Misses The Mark On Emotional Distress Damages**

In asking that the Court strike his demand for $150,000,000 (One Hundred and Fifty Million Dollars) in punitive damages, Mojsoski apparently concedes that punitive damages are not an available remedy under Title VI. He is wise to do so, as the United States Supreme Court has held unequivocally that punitive damages are not an available Title VI remedy. *See Barnes v. Gorman* 536 U.S. 181, 189 (2002) ("[P]unitive damages may not be awarded in private suits brought under Title VI of the 1964 Civil Rights Act … ."). Accordingly, Mojsoski's demand for punitive damages fails as a matter of law, and should indeed be struck from his Complaint.

Interestingly, Mojsoski makes one passing mention in his Response to unspecified "emotional distress damages." (Dkt. 23 at p.6).[1] To the extent Mojsoski thereby indicates his intent to pursue such damages, the Defendants note that—pursuant to the April 28, 2022 decision of the United States Supreme Court in *Cummings v. Premier Rehab Keller, P.L.L.C.*—emotional distress damages likewise are not recoverable under Title VI. 142 S. Ct. 1562, 1572 (2022). The *Cummings* opinion reads much like the *Barnes* opinion. More specifically, it explains that Title VI was enacted pursuant to the Spending Clause, through which recipients of federal funds in exchange contractually agree to comply with federally imposed conditions. (*Id.*) Because Title VI mentions no damages, and because emotional distress damages are not traditionally available for breach of contract, federal funding recipients cannot be treated as having consented to be subject to emotional distress damages. (*Id.*) This intervening Supreme Court precedent makes clear that Mojsoski's claims for emotional distress damages fail as a matter of law. Accordingly, his demand for both punitive and emotional distress damages (i.e., to the extent he is demanding them) should be struck from Mojsoski's Complaint.

### III.   CONCLUSION

Through his Response, Mojsoski further demonstrates that he can prove no set of facts in support of his Title VI claim that would entitle him to relief. Accordingly, and for all of the foregoing reasons, the Defendants respectfully renew their request that the Court grant them judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) and dismiss Plaintiff's Complaint in its entirety with prejudice.

---

[1] In his Complaint, Mojsoski alleges that he suffered "emotional harm" and continues to suffer "emotional trauma" due to the Defendants' conduct, but does not specifically demand emotional distress damages in his claim for relief. (Dkt. 16 at ¶¶ 35, 37).

Respectfully submitted,
QUARLES & BRADY LLP

/s/ *Brenna M. Wildt*
Brenna M. Wildt
411 East Wisconsin Avenue
Suite 2400
Milwaukee, WI 53202-4428
Tel:  414-277-5328
Brenna.Wildt@quarles.com
Edward E. Hollis (#19402-49)
135 N. Pennsylvania Street
Suite 2400
Indianapolis, IN 46204
Tel: (317) 957-5000
edward.hollis@quarles.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2022, a copy of the foregoing *Defendants' Reply Brief In Support of Motion for Judgment on the Pleadings* was filed electronically. Notice of this filing will be sent to the following parties by placing a copy in the U.S. Mail. Parties may access this filing through the Court's system.

>Jonce Mojsoski
>6910 Revere Road
>Parma Heights, OH 44130

>/s/ *Brenna M. Wildt*
>Brenna M. Wildt
>411 East Wisconsin Avenue
>Suite 2400
>Milwaukee, WI 53202-4428
>Tel: 414-277-5328
>Brenna.Wildt@quarles.com
>
>Edward E. Hollis (#19402-49)
>135 N. Pennsylvania Street
>Suite 2400
>Indianapolis, IN 46204
>Tel: (317) 957-5000
>edward.hollis@quarles.com
>
>*Attorneys for Defendants*

QB\74006956.1